## LOUIS BEILIN v. CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Decided June 7, 1923.

**Negligence—Train Collision With Motor Vehicle—Charge to Jury—Contributory Negligence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *DeVoe Tomlinson.*

*Contra, Thomsa G. Tuso* and *John W. Westcott.*

PER CURIAM.

This suit was brought by the plaintiff to recover damages sustained by him in a collision between his automobile and a train of the defendant company at the Malaga road crossing, near Vineland. The trial resulted in a verdict for the plaintiff, and the defendant seeks by the prosecution of this rule to have that verdict set aside.

A number of reasons for making this rule absolute have been argued by counsel for defendant, one of which was directed at an alleged error in the charge to the jury on the question of contributory negligence. The instruction complained of is so palpably erroneous that we have found it unnecessary to consider any of the other grounds argued by counsel. That instruction was as follows: "If you find that the defendant failed in the performance of the duty imposed upon it by law in the operation of its train, then you approach the second question, which is, Was the plaintiff himself guilty of a failure to do those things for his own protection which the situation required should be done by a person exercising ordinary care? Was he apprised of the ap-

proach of a train so that he was guilty of carelessness in disregarding the warning given to him, and did he, in spite of such warning, and carelessly, put himself in a position where he was injured? If he did, then, even though the defendant be guilty of carelessness, the law is that the plaintiff could not recover." The clear purport of this instruction, as we regard it, is that, in order to have been guilty of contributory negligence, the plaintiff must have been apprised of the approach of the train, and, in spite of his knowledge of this fact, carelessly put himself in a position where he was injured. This, of course, is far from the full measure of the duty which rests upon a traveler on a highway who is about to cross the tracks of a railroad company.

For this error in the charge, the rule to show cause will be made absolute.